UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SFR SERVICES L.L.C., a/a/o
Crystal Lakes Manufactured Home
Community Association, Inc.

    Plaintiff,

v.                                   Case No: 2:21-cv-404-SPC-MRM

INDIAN HARBOR
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Indian Harbor Insurance Company's Motion to Dismiss (Doc. 11). Plaintiff SFR Services L.L.C. (a/a/o Crystal Lakes Manufactured Home Community Association, Inc.) responded in opposition (Doc. 19), and Indian replied (Doc. 24).

This is a Hurricane Irma insurance case. The storm damaged Crystal's property, which Indian insured under a policy (the "Policy"). While they disputed coverage, Crystal assigned its rights under the Policy to SFR (the "Assignment"). SFR sued for breach of contract. Now, Indian seeks dismissal.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The issues raised are nearly (if not totally) identical to another case between these parties. SFR Servs., LLC v. Indian Harbor Ins. (Fairway), No. 2:20-cv-583-JLB-NPM, 2021 WL 1165185 (M.D. Fla. Mar. 26, 2021). The gist is Indian challenges the Assignment's validity because it did not comply with Florida law. *See* Fla. Stat. § 627.7152(2)(a)(4) (the "Statute"). Specifically, the Assignment did not "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by" SFR. *Id.* While the briefing here provides a bit more argument, the Court finds Judge Badalamenti's well-reasoned *Fairway* decision convincing. So where relevant, it comes to the same conclusion.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

Before starting, it's necessary to set straight the documents under review. Indian says the Court cannot consider five papers attached to SFR's response. Not so. Exhibits to a complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Three documents attached to the response

are exhibits to the Complaint, thus they are within its four corners. Likewise, it is permissible to consider extrinsic documents if they are "central to the plaintiff's claim" and their "authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). Another document is the Policy, which the Complaint references by number (making it central) and unchallenged as to authenticity. So the Court may consider it. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Finally, the last paper attached to SFR's response is a copy of *Fairway*. If Indian argues the Court cannot consider case law because SFR provided a courtesy copy, that contention is beyond frivolous. In short, SFR provides nothing improper.

With that settled, the Court turns to a threshold jurisdictional issue: standing. *Gardner v. Mutz*, 962 F.3d 1329, 1338-40 (11th Cir. 2020). Because of defects in the Assignment, says Indian, SFR lacks standing. The Court disagrees.[2]

Almost invariably, a party to a contract has standing to sue for breach. *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). An assignment is just a contract. *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1218 (11th Cir. 2020). And Florida insureds can freely assign their post-loss insurance claims. *Bruno v. Hartford*

---

[2] The Court assumes without deciding the Statute applies to the Assignment as the answer is the same regardless.

*Ins. Co. of the Midwest*, No. 2:20-cv-910-FtM-38NPM, 2021 WL 229402, at *2 (M.D. Fla. Jan. 21, 2021). After the assignment of an insurance policy, the assignee (SFR) stands in the shoes of the assignor (Crystal) for standing purposes. *Hughes v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-497-FtM-38NPM, 2020 WL 7024871, at *1 (M.D. Fla. Nov. 30, 2020). SFR is a party to the Assignment, which it executed before suing, giving it a right to enforce the Policy. So—unless the Assignment is void—SFR has standing from both an Article III and contractual standpoint. *See Fairway*, 2021 WL 1165185, at *5-6, 11-12; *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 212 (2d Cir. 2020).

What the parties' dispute really boils down to is whether the Assignment is void or voidable. *Fairway* analyzed that issue at length. As there, Indian provides nothing beyond conclusory arguments on why the Assignment's defect would render it void, instead of merely voidable. But an issue with contract formation does not automatically render the agreement void like Indian contends. *E.g.*, *Griffin v. ARX Holding Corp.*, 208 So. 3d 164, 170 (Fla. Dist. Ct. App. 2016). Nor has Indian shown the need to break from a century-long precent holding nonparties to assignments cannot challenge voidable defects. *Fairway*, 2021 WL 1165185, at *6-9 (collecting cases); *see also OMS Collections v. Tien*, 634 F. App'x 750, 757 (11th Cir. 2015). So the Motion is denied. Indian can raise the issue again at summary judgment, provided it can do so in good faith and provide proper support.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 6, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record